William A. Nebeker, Esq., Bar No. 004919
John  H. Cline, Esq., Bar No. 020129
**Koeller, Nebeker, Carlson & Haluck, LLP**
3800 N. Central Ave., 15th Floor
Phoenix, Arizona 85012
Phone: (602) 256-0000
Fax: (602) 256-2488
nebeker@knchlaw.com
john.cline@knchlaw.com
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State Farm Fire and Casualty Company, an Illinois Corporation, | Case No.  CV-21-08127-PCT-MTM |
| Plaintiff, | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| vs. | |
| Vertical Partners West, LLC, dba Venom Group International, an Idaho limited liability company; John Does and Jane Does I-V, husbands and wives; Black Partnerships I-V; and White Corporations I-V, | (Assigned to the Honorable Judge Michael T. Morrissey) |
| Defendants. | **Jury Demand Requested** |

NOW COMES Defendant, Vertical Partners West, LLC, dba Venom Group International, an Idaho limited liability company, by and through its attorneys Koeller, Nebeker, Carlson & Haluck, LLP and for its Answer and Affirmative Defenses to the Plaintiff's Complaint does hereby admit, deny, and allege as follows:

1.      Defendant lacks sufficient information to form a belief as to the allegations contained in Paragraph 1 of the Complaint and therefore deny same.

2.      Defendant admits it is an Idaho limited liability company based in Rathdrum, Idaho.   As to the remaining allegations contained in Paragraph 2 of the Complaint, Defendant lacks sufficient information to admit or deny and therefore denies the same.

3.      Insofar as the allegations contained in Paragraph 3 of the Complaint purport to state a cause of action as against this Answering Defendant, they are denied. As to the remaining allegations contained in Paragraph 3 of the Complaint, Defendant lacks sufficient information to admit or deny and therefore denies the same.

4.      Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.      In response to Paragraph 6 of the Complaint, this Answering Defendant reasserts, as if set forth in its entirety herein, the previous responses to all preceding allegations and paragraphs above.

7.      Insofar as the allegations contained in Paragraph 7 of the Complaint purport to state a cause of action as against this Answering Defendant, they are denied. As to the remaining allegations contained in Paragraph 7 of the Complaint, Defendant lacks sufficient information to admit or deny and therefore denies the same.

8.      The allegations contained in Paragraph 8 of the Complaint are denied.

9.      Insofar as the allegations contained in Paragraph 9 of the Complaint purport to state a cause of action as against this Answering Defendant, they are denied. As to the remaining allegations, Defendant lacks sufficient information to admit or deny and therefore deny the same.

10.      The allegations contained in Paragraph 10 of the Complaint are denied.

11.      The allegations contained in Paragraph 11 of the Complaint are denied.

12.      In response to Paragraph 12 of the Complaint, this answering Defendant reasserts, as if set forth in its entirety herein, the previous responses to all proceeding allegations and paragraphs above.

13.      The allegations contained in Paragraph 13 of the Complaint are denied.

14.      The allegations contained in Paragraph 14 of the Complaint are denied.

15.    In response to Paragraph 15 of the Complaint, this answering Defendant reasserts as if set forth in its entirety herein the previous responses to all proceeding allegations and paragraphs above.

16.    The allegations contained in Paragraph 16 of the Complaint are denied.

17.    The allegations contained in Paragraph 17 of the Complaint are denied.

18.    In response to Paragraph 18 of the Complaint, this answering Defendant reasserts as if set forth in its entirety, the previous responses to all proceeding allegations and paragraphs above.

19.    The allegations contained in Paragraph 19 of the complaint are denied.

20.    The allegations contained in Paragraph 20 of the complaint are denied.

21.    The allegations contained in Paragraph 21 of the complaint are denied.

## AFFIRMATIVE DEFENSES

1.    Answering Defendant denies any allegations in Plaintiff's Complaint not specifically and expressly admitted.

2.    Plaintiff's Complaint fails to state a claim, in whole or in part, on which relief may be granted against this answering Defendant.

3.    Plaintiff's Complaint, in whole or in part, is barred by the applicable statute of limitations.

4.    Plaintiff has failed to make reasonable efforts to mitigate damages, if any, in whole or in part.

5.    The resulting injury and damages, if any, sustained by Plaintiff was not proximately caused by any act or omission of this answering Defendant.  Plaintiff's own actions, inaction, negligence and fault, are the proximate and legal cause, in whole or in part, of the injuries and damages, if any, that Plaintiff now claims and said negligence and fault of Plaintiff cause this answering Defendant to have no legal liability to Plaintiff or otherwise reduces, pro rata, any recovery otherwise available to Plaintiff.

6.    The resulting damages, if any, sustained by the Plaintiff was not proximately caused by any act or omission of this answering Defendant.  This answering Defendant is

informed and believes that the damages, if any, which were or will be sustained by Plaintiff was proximately and legally caused, in whole or in part, by the actions and/or inactions, negligence and/or tortious acts, or conduct of other persons, parties or entities other than this answering Defendant, and that by virtue of said actions and/or inactions, negligence and/or tortious acts, or conduct, this answering Defendant has no legal liability to Plaintiff, or otherwise reduces, pro rata, any recovery otherwise available to Plaintiff through contributory and/or comparative negligence.

7.     The resulting damages, if any, sustained by Plaintiff was proximately and legally caused by the Plaintiff's insured's misuse, modification and/or alteration of the product as issue.

8.     The resulting damages, if any, sustained by the Plaintiff was proximately and legally caused by Plaintiff's insured's failure to maintain proper care and maintenance of the product at issue.

9.     The product's design and methods and techniques of manufacturing, inspecting, testing, and labeling the product conformed to the state of the art at the time the product at issue was first sold, and the inherit risk of any injury was outweighed by the benefits of the necessary design of the product.

10.    The products design performed as safely as an ordinary consumer would expect when used in a reasonable and foreseeable manner.

11.    Plaintiff has failed to properly join all necessary parties to this matter.

12.    This answering Defendant is not jointly or severally liable with any other party, Defendant, or non-party for the damages asserted by Plaintiff.

13.    This answering Defendant hereby reserves the right to plead further affirmative defenses including, but not limited to, those affirmative defenses set forth in Federal Rules of Civil Procedure 8(c) and 12(b), as may be justified by the facts determined during discovery.

WHEREFORE, having fully answered the Complaint, this answering Defendant requests the court to enter judgment in its favor and against Plaintiff as follows:

a. Dismiss Plaintiff's complaint with prejudice in its entirety and that Plaintiff take nothing thereby;

b. Award this answering Defendant its reasonable attorney's fees and costs to the extent authorized by law; and

c. For all further relief, legal and equitable, that the court deems appropriate.

DATED this 14th of June, 2021.

**KOELLER, NEBEKER, CARLSON & HALUCK, LLP**

By:   */s/ John H. Cline*
         William A. Nebeker
         John H. Cline
         *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 14, 2021 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record and copy e-mailed this same date to:

Timothy L. Moulton, Esq.
THE MOULTON LAW FIRM, P.C.
6401 W. Thomas Rd., Suite 101
Scottsdale, AZ 85251
tim@moultonlawoffice.com

By:   */s/ Regina Losee*